El Pueblo, Demandante y Apelado, *v.* Mejías, Acusado y Apelante.

No. 2302.—*Visto:* Diciembre 2, 1924. *Resuelto:* Diciembre 23, 1924.

Asesinato—Instrucción Propiamente Denegada.—La corte rehusó transmitir al jurado la siguiente instrucción pedida por el acusado: ''Si los señores del jurado tienen duda sobre el verdadero grado del delito, o sea si se trata de un asesinato en segundo grado o un homicidio voluntario, entonces esta duda debe resolverse en favor del acusado y declararlo culpable de homicidio voluntario, y no de asesinato en segundo grado.'' *Se resolvió:* que demostrando la evidencia un claro delito de asesinato y no un homicidio voluntario, el error no existe aun cuando la corte hubiera cometido el error de definir al jurado el delito de homicidio voluntario en ausencia de prueba de tal delito.

Id.—Instrucción no Justificada por la Evidencia.—Las instrucciones al jurado

deben ser aplicables y limitadas a la evidencia aducida en el caso. Es un error dar instrucciones basadas en un estado de hechos en el cual no hay evidencia que lo soporte.

SENTENCIA de *Enrique Lloreda*, J. (Arecibo), condenando al acusado por delito de asesinato en segundo grado. *Confirmada.*

*H. Miranda* y *J. A. Vargas*, abogados del apelante; *José E. Figueras, Fiscal*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia de la corte inferior declarando culpable al acusado de un delito de asesinato en segundo grado y condenándole a sufrir la pena de diez y nueve años de presidio con trabajos forzados.

El apelante señala como único motivo de error, haberse negado la corte inferior a comunicar al jurado la siguiente instrucción:

"Si los señores del Jurado tienen duda sobre el verdadero grado del delito, o sea si se trata de un asesinato en segundo grado o un homicidio voluntario, entonces esta duda debe resolverse en favor del acusado y declararlo culpable de homicidio voluntario, y no de asesinato en segundo grado."

De un examen cuidadoso de la prueba se puede decir que la corte inferior estuvo justificada al negar dicha instrucción. No se desprende de la misma, directa ni indirectamente, que el delito cometido pudiera calificarse de homicidio. Los hechos demuestran que el día a que se refiere la acusación, el acusado seguía detrás de la interfecta, quien era una niña de escuela y contaba unos 15 años de edad; que el acusado la llamaba con insistencia y ella no contestaba, continuando su marcha y entrando en la logia de Barceloneta, donde perseguida por el acusado le hizo súbitamente un primer disparo que la derribó y ya en el suelo le repitió tres disparos más, haciendo blanco y causándole cuatro heridas cuya descripción es como sigue: una herida en la sien derecha, sin agujero de salida y con destrucción de la masa encefálica;

otra en la región mastoide con penetración en la masa encefálica y sin agujero de salida; otra en la región subclavicular izquierda con penetración en el pulmón y la otra en
la espalda, alojándose el proyectil en el hueso homóplato.
Las dos primeras heridas fueron mortales por necesidad y
el perito médico al verificar inmediatamente el examen de las
mismas, dice: "Aún estaba el vestido encendido, porque
parece que fué muy cerca."

De otra parte la prueba del acusado consistió en la declaración de un testigo que solamente refiere el incidente
de haberse negado la interfecta a bailar en cierta casa que
el dueño celebraba el cumpleaños de su hija, y que sabe
por manifestaciones del acusado, que mantenían relaciones
amorosas.

Esta prueba de defensa en nada altera la prueba de
cargo, que revela un claro asesinato.

El apelante, no obstante, sostiene que habiendo la corte
inferior instruído al jurado lo que constituye el delito de
homicidio voluntario, era lógico que diera la instrucción solicitada. Sin embargo, la instrucción comunicada por el
juez inferior en tal sentido fué más bien un error, pues dicho juez no tuvo base alguna en la prueba para haber instruído al jurado lo que se entiende por homicidio voluntario.

El punto en cuestión ya había sido resuelto en los casos
de *El Pueblo* v. *Lasalle,* 18 D.P.R. 422, y *El Pueblo* v. *Alméstico,* 18 D.P.R. 321, en los cuales esta Corte Suprema,
en el primer caso, dijo: "No constituye error el dejar el
tribunal de instruir al jurado acerca de los preceptos legales que rigen el delito de asesinato en segundo grado, cuando
la prueba demuestra únicamente la comisión de un delito de
asesinato en primer grado;" y en el segundo: "No comete
error el tribunal que en un caso de asesinato en primer
grado no instruye al jurado respecto del delito de homicidio, cuando no hay nada en la evidencia que pudiera justificar el que el delito se rebajara a ese grado."

En la obra de Blashfield sobre instrucciones al jurado, se dice:

"Las instrucciones al jurado deben ser aplicables y limitadas a la evidencia aducida en el caso. Es un error dar instrucciones basadas en un estado de hechos en el cual no hay evidencia que lo soporte." Vol. 1, p. 194.

Habiéndose considerado el único error que fué apuntado y no apareciendo de los autos error alguno cometido, *debe confirmarse la sentencia inferior.*